```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

          SEP 2 1 2021

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY:_____ DEPUTY
```

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
tony.lopez@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUDY REDMOND,<br><br>Defendant. | Case No. 2:16-cr-294-JCM-VCF-2<br><br>**Plea Agreement for Defendant Rudy Redmond Under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B)** |

This plea agreement between Rudy Redmond ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentence and restitution in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

# I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a.  At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to (i) Counts Seven, Eleven, and Thirteen of the Second Superseding Criminal Indictment, which charge defendant with Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2; and (ii) Count Fourteen of the Second Superseding Criminal Indictment, which charges defendant with Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) and 2;

   b.  Stipulate to the facts agreed to in this agreement;

   c.  Abide by all agreements regarding sentencing contained in this agreement;

   d.  Not seek to withdraw defendant's guilty pleas once they are entered;

   e.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f.  Not commit any federal, state, or local crime;

   g.  Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h.  Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for

1   preparation of the Presentence Report. Defendant further agrees that, upon filing of this

2   agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also

3   complete a financial form provided by the USAO, to include all supporting documentation,

4   and return it to the USAO within three weeks from entry of the plea. Defendant agrees that

5   the district court may enter any order necessary to effectuate or facilitate disclosure of

6   defendant's financial information;

7            i.      To facilitate payment of any fine, forfeiture, restitution, or assessment,

8   surrender assets defendant obtained directly or indirectly as a result of defendant's crimes.

9   Defendant agrees to voluntarily release funds and property under defendant's control or in

10  which defendant has any property interest, before and after sentencing, to pay any fine or

11  restitution identified in this agreement, agreed to by the parties, or ordered by the Court;

12  and

13           j.      Defendant agrees that restitution shall be ordered due and payable in

14  full immediately after the judgment is entered, and that the full amount of any restitution

15  ordered is subject to immediate enforcement and collection by the USAO or defendant's

16  victims, or both. Defendant agrees that any schedule of payments entered by the district

17  court is a schedule of the minimum payment due and does not prohibit or limit the methods

18  by which the USAO may immediately enforce and collect the judgment in full. Defendant

19  acknowledges that restitution may not be discharged, in whole or in part, in any present or

20  future bankruptcy proceeding.

21  / / /

22  / / /

23  / / /

24  / / /

## II. THE USAO'S OBLIGATIONS

2.      The USAO agrees to:

      a.      Stipulate to facts agreed to in this agreement;

      b.      Abide by all agreements regarding sentencing contained in this agreement;

      c.      At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section;

      d.      At sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

      e.      Not bring any additional charges against defendant arising out of the factual basis set forth in this agreement. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

/ / /

/ / /

/ / /

# III. ELEMENTS OF THE OFFENSES

3.      <u>Counts Seven, Eleven, and Thirteen</u>: The elements of Interference with Commerce by Robbery under 18 U.S.C. § 1951 are as follows:

<u>First</u>:      The defendant knowingly obtained money or property from or in the presence of a person.

<u>Second</u>:      The defendant did so or attempted to do so by means of robbery.

<u>Third</u>:      The defendant believed that the person parted with the money or property because of the robbery.

<u>Fourth</u>:      The robbery affected interstate commerce.

*See* Ninth Circuit Model Criminal Jury Instruction 8.143A (revised Apr. 2019).

4.      <u>Count Fourteen</u>: The elements of Brandishing a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(i) and (ii) are as follows:

<u>First</u>:      The defendant committed the crime of violence charged in Count Thirteen of the second superseding indictment.

<u>Second</u>:      The defendant knowingly brandished a firearm during and in relation to that crime.

*See* Ninth Circuit Model Criminal Jury Instruction 8.71 (revised Apr. 2014).

5.      To prove a defendant guilty of the above crimes by aiding and abetting, the USAO must prove each of the following beyond a reasonable doubt:

<u>First</u>:      Someone else committed the crime.

<u>Second</u>:      The defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime.

<u>Third</u>:      The defendant acted with the intent to facilitate the crime; and

<u>Fourth</u>:      The defendant acted before the crime was completed.

1 | *See* Ninth Circuit Model Criminal Jury Instruction 5.1 (revised Mar. 2018).

## IV. CONSEQUENCES OF CONVICTION

3 |     6.    <u>Maximum and Minimum Statutory Penalties</u>:

a.     Defendant understands that the statutory maximum sentence the district court can impose for each violation of Interference with Commerce by Robbery under 18 U.S.C. § 1951 as charged in Counts Seven, Eleven, and Thirteen is 20 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

b.     Defendant understands that the statutory maximum sentence the district court can impose for Brandishing a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(i) and (ii) as charged in Count Fourteen is a lifetime term of imprisonment, which must run consecutive to any other sentence of imprisonment imposed on defendant; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

c.     Defendant understands that the statutory mandatory minimum sentence that the district court must impose for Brandishing a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(i) and (ii) as charged in Count Fourteen is a seven-year term of imprisonment, which must run consecutive to any other sentence of imprisonment imposed on defendant.

d.     Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is a lifetime of imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss

1 | resulting from the offenses, whichever is greatest; and a mandatory special assessment of

2 | $400.

3 |       7.    Restitution: Defendant understands that defendant will be required to pay full

4 | restitution to the victims of the offenses to which defendant is pleading guilty. Defendant

5 | agrees that, in return for the USAO's compliance with its obligations under this agreement,

6 | the Court may order restitution to persons other than the victims of the offenses to which

7 | defendant is pleading guilty and in amounts greater than those alleged in the counts to

8 | which defendant is pleading guilty. In particular, defendant agrees that the Court may order

9 | restitution to any victim of any of the following for any losses suffered by that victim as a

10 | result: (a) any relevant conduct, as defined in USSG § 1B1.3, in connection with the

11 | offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not

12 | prosecuted pursuant to this agreement as well as all relevant conduct, as defined in USSG

13 | § 1B1.3, in connection with those counts and charges. The parties currently believe that the

14 | applicable amount of restitution is approximately $201,900, but recognize and agree that

15 | this amount could change based on facts that come to the attention of the parties prior to

16 | sentencing.

17 |       8.    Parole Abolished: Defendant acknowledges that defendant's prison sentence

18 | cannot be shortened by early release on parole because parole has been abolished.

19 |       9.    Supervised Release: Defendant understands that supervised release is a period

20 | of time following imprisonment during which defendant will be subject to various

21 | restrictions and requirements. Defendant understands that if defendant violates one or more

22 | of the conditions of any supervised release imposed, defendant may be returned to prison for

23 | all or part of the term of supervised release authorized by statute for the offenses that

24 | resulted in the term of supervised release.

10.     <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

11.     <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.     <u>Potential Removal / Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V. FACTUAL BASIS

13.     Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

   a.  Between March 2016 and October 2016, an organized crew of conspirators committed at least nine robberies at EZ Pawn locations throughout the Las Vegas metropolitan area.

   b.  This robbery crew included Defendant Rudy REDMOND, co-defendants Jason Goldsby, Kaili Tualau, and Bonnie Madrigal, Jessie Mendoza (who was convicted in Case No. 2:16-cr-324 in this District), unindicted co-conspirator D.P. (who was a juvenile at the time of the robberies), and others known and unknown.

   c.  During a typical robbery committed by this crew, the robbers entered the EZ Pawn location, one robber stood guard at the door brandishing a firearm, while another robber used a sledgehammer to break open a display case containing high value jewelry and watches, which the robbers then took before fleeing in a stolen getaway vehicle. That vehicle traveled to another location where a second getaway driver picked up the robbers, who then abandoned the original stolen getaway vehicle.

   d.  REDMOND admits that, on the dates below, members of the robbery crew described above, including REDMOND and at least the other participants identified

below, targeted the EZ Pawn locations identified below, using the threat of force and physical violence to take from the presence of EZ Pawn employees property (such as jewelry and watches) of the approximate value identified below:

| COUNT | DATE | LOCATION | APPROX LOSS | PARTICIPANTS |
|---|---|---|---|---|
| 7 | 8.4.16 | 10075 S Eastern Henderson NV | $29,000 | GOLDSBY REDMOND TUALAU ~~MADRIGAL~~ |
| 11 | 9.12.16 | 3010 S Valley View Las Vegas NV | $122,900 | GOLDSBY MENDOZA REDMOND TUALAU MADRIGAL |
| 13 | 10.7.16 | 36 Horizon Ridge Pkwy Henderson NV | $50,000 | GOLDSBY REDMOND TUALAU |

   e. Prior to the robberies described in Paragraph 13.d above, REDMOND knew that his co-conspirators intended to commit that robbery, knowingly and willingly joined in its execution, and knowingly and willingly aided and abetted his co-conspirators by entering the targeted EZ Pawn location, brandishing a firearm while guarding the door to the EZ Pawn, using a sledgehammer to smash open display cases, or taking the property from EZ Pawn employees.

   f. More specifically, with respect to Count Fourteen, during and in furtherance of the robbery of the EZ Pawn located on Horizon Ridge on October 7, 2016 (charged in Count Thirteen), REDMOND brandished a firearm (specifically, a Jimenez Arms .380 caliber pistol bearing serial number 341575) while guarding the door to the EZ Pawn during that robbery. REDMOND's co-conspirators who participated in that robbery, including Tualau and Goldsby, knew in advance of the robbery that REDMOND would possess and brandish that firearm during the robbery.

g.     At all relevant times, EZ Pawn is and was a business that operates in interstate commerce as that term is defined in 18 U.S.C. § 1951. As a result of the robberies described in Paragraph 13.d above, the victimized EZ Pawn locations temporarily closed, therefore preventing the store from engaging in interstate business and commercial activities. In committing each robbery, REDMOND and his co-conspirators affected commerce between the State of Nevada and another state.

h.     Through the robberies described in Paragraph 13.d above, REDMOND and the robbery crew stole approximately $201,900 in items from EZ Pawn.

i.     All of the above occurred in the State and Federal District of Nevada.

## VI. SENTENCING FACTORS

14.     <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

15.     <u>Offense Level Calculations</u>: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply any other specific offense characteristics, enhancements, or reductions.

**Group One: Count Seven (Eastern EZ Pawn / Aug. 4, 2016)**
| | |
|---|---|
| Base Offense Level [USSG § 2B3.1(a)]: | 20 |
| Brandished Firearm [USSG § 2B3.1(b)(2)(C)]: | +5 |
| Loss Greater Than $20,000 [USSG § 2B3.1(b)(7)(B)]: | +1 |
| Adjusted Offense Level: | 26 |

**Group Two: Count Eleven (Valley View EZ Pawn / Sept. 12, 2016)**
| | |
|---|---|
| Base Offense Level [USSG § 2B3.1(a)]: | 20 |
| Brandished Firearm [USSG § 2B3.1(b)(2)(C)]: | +5 |
| Loss Greater Than $95,000 [USSG § 2B3.1(b)(7)(C)]: | +2 |
| Adjusted Offense Level: | 27 |

**Group Three: Count Thirteen (Horizon Ridge EZ Pawn / Oct. 7, 2016)**
| | |
|---|---|
| Base Offense Level [USSG § 2B3.1(a)]: | 20 |
| Brandished Firearm [USSG § 2K2.4 note 4]:[1] | +0 |
| Loss Greater Than $20,000 [USSG § 2B3.1(b)(7)(B)]: | +1 |
| Adjusted Offense Level: | 21 |

**Multiple Count Adjustment**
| | |
|---|---|
| Group One: Adjusted Offense Level of 26 | 1.0 Unit |
| Group Two: Adjusted Offense Level of 27 | 1.0 Unit |
| Group Three: Adjusted Offense Level of 21 | 0.5 Unit |
| Total | 2.5 Units |

**Combined Offense Level Calculation**
| | |
|---|---|
| Highest Offense Level (Group Two / Count Eleven) | 27 |
| Enhancement for Multiple Counts (3.5 Units) | +3 |
| Combined Adjusted Offense Level | 30 |

Count Fourteen: Under USSG § 2K2.1(b), the Guidelines sentence for Count Fourteen, Brandishing a Firearm During and in Relation to a Crime of Violence, shall be the minimum sentence required by statute, which in this case is a seven-year term of imprisonment consecutive to any other term of imprisonment imposed on defendant. *See* 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii).

---

[1] Because (a) defendant is pleading guilty to Brandishing a Firearm During and in Relation to a Crime of Violence; and (b) Count Thirteen is the predicate crime of violence for Count Fourteen, the five-level enhancement for brandishing a firearm does not apply when calculating defendant's offense level for Count Thirteen.

12

16.     Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Defendant agrees and acknowledges that the USAO will not move for an additional one-level downward adjustment for acceptance of responsibility before sentencing USSG § 3E1.1(b), because defendant did not communicate defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

17.     Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

/ / /

/ / /

/ / /

18.   <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty pleas.

/ / /

/ / /

/ / /

/ / /

## VII. POSITIONS REGARDING SENTENCING

19.     With respect to Counts Seven, Eleven, and Thirteen, the USAO will recommend that the district court sentence defendant at the low end of the advisory guideline range as determined by the district court. Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553, but will argue for no less than 36 months of imprisonment on these counts.

20.     With respect to Count Fourteen, the parties will jointly recommend that the district court sentence defendant to the mandatory minimum penalty of 84 months of imprisonment consecutive to the district court's sentence on Counts Seven, Eleven, and Thirteen.

21.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

22.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

23.     If defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility, the USAO is entitled to argue for a sentence up to the statutory maximum sentence, or alternatively to withdraw from the agreement, but defendant will remain bound by the provisions of this agreement and will not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

24.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.      The right to persist in a plea of not guilty;

1       b.     The right to a speedy and public trial by jury;

2       c.     The right to be represented by counsel—and if necessary have the

3 court appoint counsel—at trial. Defendant understands, however, that, defendant retains the

4 right to be represented by counsel—and if necessary have the court appoint counsel—at

5 every other stage of the proceeding;

6       d.     The right to be presumed innocent and to have the burden of proof

7 placed on the USAO to prove defendant guilty beyond a reasonable doubt;

8       e.     The right to confront and cross-examine witnesses against defendant;

9       f.     The right to testify and to present evidence in opposition to the

10 charges, including the right to compel the attendance of witnesses to testify;

11       g.     The right not to be compelled to testify, and, if defendant chose not to

12 testify or present evidence, to have that choice not be used against defendant; and

13       h.     The right to pursue any affirmative defenses, Fourth Amendment or

14 Fifth Amendment claims, and any other pretrial motions that have been filed or could be

15 filed.

16       **IX. WAIVER OF RETURN OF DIGITAL DATA**

17     25.     Understanding that the investigating agency has in its possession digital

18 devices and/or digital media seized during this investigation, defendant waives any right to

19 the return of digital data contained on those digital devices and/or digital media and agrees

20 that if any of these digital devices and/or digital media are returned to defendant, the

21 agency may delete all digital data from those digital devices and/or digital media before

22 they are returned to defendant.

23

24

# X. WAIVER OF APPELLATE RIGHTS

26.    <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

27.    Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

28.    <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

29.    <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

# XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

30.    <u>Consequence of Withdrawal of Guilty Pleas</u>: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its

1  obligations under this agreement; and (b) should the USAO choose to pursue any charge

2  that was either dismissed or not filed as a result of this agreement, then (i) any applicable

3  statute of limitations will be tolled between the date of defendant's signing of this agreement

4  and the filing commencing any such action; and (ii) defendant waives and gives up all

5  defenses based on the statute of limitations, any claim of pre-indictment delay, or any

6  speedy trial claim with respect to any such action, except to the extent that such defenses

7  existed as of the date of defendant's signing this agreement.

8       31.   Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if any

9  count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district

10  court to resentence defendant on any remaining counts of conviction, with both the USAO

11  and defendant being released from any stipulations regarding sentencing contained in this

12  agreement; (b) ask the district court to void the entire plea agreement and vacate defendant's

13  guilty pleas on any remaining counts of conviction, with both the USAO and defendant

14  being released from all their obligations under this agreement; or (c) leave defendant's

15  remaining convictions, sentence, and plea agreement intact. Defendant agrees that the

16  choice among these three options rests in the exclusive discretion of the USAO, and that,

17  should the USAO choose to pursue any charge that was either dismissed or not filed as a

18  result of this agreement, then (i) any applicable statute of limitations will be tolled between

19  the date of defendant's signing of this agreement and the filing commencing any such

20  action; and (ii) defendant waives and gives up all defenses based on the statute of

21  limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any

22  such action, except to the extent that such defenses existed as of the date of defendant's

23  signing this agreement.

24

## XII. BREACH OF AGREEMENT

32.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

33.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such

statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

34.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

35.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

36.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

37.     Defendant acknowledges that:

1        a.     Defendant read this agreement, and defendant understands its terms

2  and conditions.

3        b.     Defendant had adequate time to discuss this case, the evidence, and

4  this agreement with defendant's attorney.

5        c.     Defendant carefully and thoroughly discussed all terms of this

6  agreement with defendant's attorney.

7        d.     Defendant understands the terms of this agreement and voluntarily

8  agrees to those terms.

9        e.     Defendant has discussed with defendant's attorney the following: the

10  evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses

11  that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C.

12  § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into

13  this agreement.

14        f.     The representations contained in this agreement are true and correct,

15  including the factual basis for defendant's offenses set forth in this agreement.

16        g.     Defendant was not under the influence of any alcohol, drug, or

17  medicine that would impair defendant's ability to understand the agreement when

18  defendant considered signing this agreement and when defendant signed it.

19      38.     Defendant understands that defendant alone decides whether to plead guilty

20  or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas

21  knowing of the charges brought against defendant, defendant's possible defenses, and the

22  benefits and possible detriments of proceeding to trial.

23

24

39.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

40.     Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

41.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

**XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

42.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

CHRISTOPHER CHIOU
Acting United States Attorney

_____          9.16.21
RICHARD ANTHONY LOPEZ              Date
Assistant United States Attorney

_____          9/16/21
Defendant RUDY REDMOND            Date

_____          9/16/21
LUCAS J. GAFFNEY, ESQ.            Date
Attorney for Defendant REDMOND